WARREN M. TAPLEY *vs.* THAYER-OSBORNE SHOE COMPANY
& trustee.

Suffolk.   March 8, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract,* Construction, Performance and breach.  *Custom.   Practice, Civil,*
Conduct of trial: rulings and instructions.

In an action by a shoe salesman against his employer for commissions alleged to
be due to him under an agreement for employment during a certain year, the
plaintiff claimed commissions for sales made during the year of goods, which
the defendant did not deliver until after his employment had ceased, and in-
troduced in evidence a custom of the trade supporting his claim.   The defend-
ant contended that, because of arrangements and contracts made between the
parties in previous years, the custom did not apply.   It was *held* that the
questions in dispute were questions of fact for the jury; and, it appearing that
the questions under correct instructions had been left to the jury, who found
for the plaintiff, an exception of the defendant to the refusal of the judge to
rule that, if certain facts should be found by the jury, the custom upon which
the plaintiff relied was not applicable, was overruled.

CONTRACT for certain commissions alleged to be due to the plain-
tiff as a salesman for the defendant.   Writ dated May 22, 1912.

The case was referred to Frank Paul, Esquire, as auditor, and
afterwards was tried before *Keating,* J.   The material evidence
is described in the opinion.   At the close of the evidence, the de-
fendant asked for rulings that the plaintiff was not entitled to
recover on any count of his declaration, and for the following
ruling:

"5. If the jury find that the one and one half per cent upon
$45,802.16 worth of shipments which was admittedly received by
the plaintiff between November 1, 1908, and May 1, 1909, said
shipments resulting from the sale of samples prior to said Novem-
ber 1, 1908, was received by him and paid by the defendant under
the contract as to remuneration then existing between the parties
and that the plaintiff was entitled to receive such sum under said
contract, then in as much as such method of remuneration was
continued in force under the contract of November 1, 1910, which
the plaintiff has declared upon, as a matter of law the custom upon

which the plaintiff relies is not applicable and the plaintiff is not entitled to recover."

The rulings were refused. The jury found for the plaintiff in the sum of $2,557.06; and the defendant alleged exceptions.

*A. T. Smith,* for the defendant.

*F. M. Copeland,* for the plaintiff.

CARROLL, J. The plaintiff, while in the employ of the defendant as a travelling salesman, made an agreement beginning November 1, 1910, which ended November 1, 1911, by which he was to sell by sample to the jobbing trade within a designated territory the products of the defendant's shoe factory. The dispute between the parties is whether the plaintiff is entitled to recover a commission of one and one half per cent upon shipments made by the defendant from its factory, after the plaintiff had left its employ and between the months of November, 1911, and May, 1912. The defendant's contention was that it hired the plaintiff on a salary of one and one half per cent commission and that nothing was due him upon shipments, made after he ceased to work for the defendant and from orders taken on or before November 1, 1911, when he left its employment. The plaintiff contended that he was hired on the ordinary commission basis, that he was entitled to his commission on all shipments, made to his customers after the contract had ended upon orders taken while the contract was in force, and also upon shipments, made within his territory to his customers after November, 1911, and before May, 1912.

The case was tried before an auditor who reported in the plaintiff's favor and there was in evidence a custom of the shoe trade, that salesmen working on a commission basis were accustomed to receive the agreed commission on shipments made to their customers for the six months following the termination of the salesman's employment.

Twice in each year, generally in May and November, the plaintiff started on a trip, taking a line of samples, selling to the jobbing trade for the next season's trade. "Shipments to the jobbers, based upon these samples, sold in November to them would not commence until the following spring; perhaps March or April. The following May the plaintiff would go on a trip exactly like the November trip." In 1904, shortly after the defendant commenced business, the plaintiff entered its employ as

a salesman for a commission of one and one half per cent on all deliveries, he being at this time its only salesman. He worked under this contract until August 1, 1906, when he ceased to work on a commission basis and began to receive a salary of $125 per month. This continued until November 1, 1908. Under this contract of 1906, no commissions were paid him upon shipments made during the first six months thereof, although deliveries were made during that time as a result of sales made by him prior thereto, while engaged in selling on a commission basis.

On November 1, 1908, another contract was made by which the plaintiff ceased to work on a salary and began again to work on a commission basis of one and one half per cent. The evidence for the defendant tended to show that he was hired on a salary basis of one and one half per cent based on monthly shipments. From November 1, 1908, and for six months following, the defendant paid the plaintiff on all the deliveries from its factory on sales made prior to that time by the plaintiff while he was working on a salary, as distinguished from a commission. The contract of 1908 was continued until November 1, 1910, when the contract in dispute was made. This contract was identical with the contract of 1908, except as to changes in territory.

The controversy which the jury had to pass upon was the contract of 1910, and not the contracts of 1904, 1906 or 1908. These previous contracts were admissible in evidence solely for the purpose of aiding the jury in determining what the plaintiff and the defendant agreed to in November, 1910.

In November, 1911, when the plaintiff ceased to work for the defendant, the plaintiff insisted that he was entitled to a commission on the shipments made during the six months following that November, and relied on the custom of the trade to pay such a commission. While it was agreed, or at least not disputed, that there was such a custom, it was in evidence that this custom did not apply when a salesman received some other return, either by way of salary or commission, during the first six months of his contract; that the reason for the custom of allowing commission payments for the six months following the termination of the contract was that during the first six months the agent was in receipt of no returns, and that the custom did not apply to the plaintiff's contract, because under the contract of 1908 and during its first six months,

he received a commission on all shipments made during that period, although these shipments were to customers to whom he sold under the previous contract of 1906, when he was engaged for a monthly salary.  To this the plaintiff answered; whatever payments were made to him during the contract of 1908 were not decisive under the contract in suit, and that one reason why these payments were made to him as above stated, was because at the conclusion of the contract of 1904, commissions were due him under the custom referred to, and they were not paid him; and the payments under the contract of 1908 were made him to make up for the loss of the commissions which were due and not paid him under the contract of 1904.  All these questions were for the jury. The jury have passed upon them under correct instructions and we cannot say that the jury was wrong.  The refusal of the defendant's requests was proper.

*Exceptions overruled.*